# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISON

| | |
|---|---|
| ANTOINE HULL                 ) | |
|                       ) | |
|         Plaintiff,        ) | |
|                       ) | |
| v.                        ) | Case No. 25-cv-15503 |
|                       ) | |
| CITY OF CHICAGO, an Illinois Municipal ) | |
| Corporation, SAMUEL CABALLERO, ) | |
| DONALD PAULAUSKI, and COLE ) | **PLAINTIFF DEMANDS TRIAL** |
| STALLARD, Commissioner of Chicago Streets ) | **BY JURY** |
| & Sanitation Department.       ) | |
|                       ) | |
|         Defendants.      ) | |
|                       ) | |

## COMPLAINT

NOW COMES Plaintiff, ANTOINE HULL, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky of DeVore Radunsky LLC, and complaining against Defendants, CITY OF CHICAGO, an Illinois Municipal Corporation, SAM CABALLERO, DONALD PAULAUSKI, and COLE STALLARD, Commissioner of Chicago Streets & Sanitation Department, states as follows:

## PARTIES

1. Defendant, CITY OF CHICAGO (hereafter "City"), is a duly incorporated municipal corporation located at 121 N. LaSalle Street, Chicago, Cook County, Illinois 60602.

2. Defendant, SAMUEL CABALLERO (hereafter "Caballero"), a Latino, at all times relevant, was employed by Defendant City, as a Supervisor in the Department of Streets and Sanitation ("Department") and under the color of law.

1

3.    Defendant, DONALD PAULAUSKI (hereafter "Paulauski"), a Caucasian, at all times relevant, was employed by Defendant City, in the Department and acting under the color of state law.

4.    Defendant, COLE STALLARD, is the Commissioner of the Department and acting under the color of law.

5.    Plaintiff, ANOTINE HULL (hereafter "HULL"), an African American, is a resident of the State of Illinois residing in Cook County, Chicago and since 2005 has been employed by Defendant City in the Department.

6.    The Plaintiff is a member of a protected class.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343 based on the Civil Rights Act including 42 U.S.C. §1981 ("Section 1981"); 42 U.S.C. §2000e *et seq.* ("Title VII"); and 42 U.S.C. §1983 ("Section 1983) for redress of Defendants' racial discrimination, sexual harassment, hostile work environment and retaliation to Plaintiff.

8.    Venue properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant is incorporated and operates business in this judicial district and the events giving rise to the Plaintiff claims occurred within this District.

9.    Plaintiff is employed by Defendant as an "employee" within meaning of 42 U.S.C §2000e(f).

10.    During the applicable limitations period, Defendant City has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

11.     Plaintiff fulfilled all conditions precedent prior to filing this lawsuit.

12.     Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13.     On December 11, 2025, Plaintiff received a Notice of Right to Sue from the EEOC and DOJ. (**See Exhibit "A"**, attached).

14.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## FACTS

15.     The Department employs over 2000 employees who provide critical city services, including sanitation, recycling, forestry, snow/ice operations, street sweeping, graffiti removal, rodent control services.

16.     Defendant Cole Stallard is the Commissioner of the Department, and is responsible for the drafting, development and implementation of Department policies and practices, including the discrimination policy.

17.     At all times relevant, Plaintiff, an African American male, was employed by Defendant City as a Motor Truck Operator with the Department for 19 years.

18.     Defendant, Samuel Caballero at all times relevant, was employed by Defendant City, and was one of the Plaintiff Supervisor in the Department and acting under the color of law.

19.     At all times relevant, Defendant Paulauski was employed by Defendant City as Motor Truck Operators with the Department and acting under the color of law.

20.     At all times relevant, Defendant City was the employer and/or principal of Defendant Paulauski and Defendant Caballero.

3

21.    On or about November 2, 2024, Defendant Supervisor Caballero, an agent and employee of Defendant City in the Department, created a group text on a city issued phone intended for work assignments.  (See **_Exhibit "B"_**, attached)

22.    Along with Defendant Supervisor Caballero, the work text message group included Defendant Paulauski, and Department employees Antonio Colon, an African American, Kenneth Williams, an African American, Corey Ray, Antony Johnson, and Rueben Sierra. There are two unidentified individuals in the group text.

23.    On or about November 2, 2024, Defendant Caballero sent a work group text and provided work assignments to all the employees, including Plaintiff.

24.    On or about November 2, 2024, in response to that text from Defendant Caballero regarding a work assignment, Defendant Paulauski sent a text message in the work group chat, attaching a photograph of Denzel Washington and the words, "My Nigga".

25.    Minutes later on November 2, 2024, Defendant Paulauski sent a second text message in the same group chat including a pornographic image depicting a scantily clad woman straddling a man's face and receiving oral sex.

26.    Following the posting of that sexually explicit image, Defendant Paulauski stated "Im a lil busy My Brothas." "Lunch Time Cuzz."

27.    The work group texts from Defendant Paulauski contained multiple racist and/or sexual harassing statements, accompanied by offensive racist and pornographic images.

28.    Later in the afternoon on November 2, 2024, Defendant Paulauski texted an attempted apology and explanation for his conduct.

29.    Defendant Paulauski texted, "Hey boys I apologize I though (sic) this was a personal text only meant to joke I'd Nerver (sic) hurt or disrespect my boys so I Honestly Apologize from the heart Real Talk."

30.    Defendant Paulauski characterized his behavior as a "joke".

31.    Defendant Paulauski used the phrase "boys," and "boy" twice which is considered a historically racially insensitive trope or slur directed against African Americans.

32.    Defendant Paulauski excused his racist behavior because he thought he was using a personal phone, not his work phone.

33.    On November 2, 2024, after Defendant Paulauski sent his multiple texts and images, Defendant Caballero did not make any comment in the group text.

34.    Defendant Caballero conspired to cover up Defendant Paulauski's racist and sexually harassing texts.

35.    On November 2, 2024, Defendant Caballero privately contacted some of the employees on the text chain and instructed them to delete the chat from their phones.

36.    Defendant Caballero told Plaintiff and upon information and belief, his co-worker, Antonio Colon, "Donnie is going to be Donnie," and warned that "the only person we have to worry about is Kenny (Williams)".

37.    Defendant Caballero told Plaintiff what occurred in the text chain was "nothing".

38.    Upon information and belief, Defendant Caballero did not contact co-worker Kenneth Williams to discuss the texts after he became aware of them on November 2, 2024.

39.    Upon information and belief, Defendant Caballero did not immediately notify Human Resources representatives of the racial and sexual harassing texts and images by Defendant

Paulaski as per Department policy. Instead, Caballero waited until he was first approached by Human Resources days later.

40.     After reporting his complaints, Plaintiff, a union steward, was passed over for at least one position, deliberately assigned unsafe trucks, and publicly undermined for raising safety concerns.

41.      Plaintiff has been subject to rumors and falsehoods by the Defendants, marginalized, ostracized by coworkers, and treated as a problem employee.

42.     Upon information and belief, Defendant Paulauski was disciplined, and Defendant Caballero was not.

43.     Both Defendants Paulauski and Caballero continue to remain employed in their current positions.

44.     The Plaintiff has been an exemplary employee for nearly 20 years and is now fearful of going to work every day in a hostile work environment surrounded by the perpetrators who appear to protect each other and seek retribution.

45.     Due to the actions of Defendants violating the Plaintiff's Constitutional rights, Plaintiff has suffered severe emotional distress, ostracization, humiliation, fear, insult, and lost wages.

## <u>COUNT I</u>
### Title VII of The Civil Rights Act of 1964 – Racial Harassment
### (Against City of Chicago)

46.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to racial harassment, in violation of Title VII of the Civil Rights Act of 1964.

48.     Plaintiff is a member of a protected class under Title VII.

49.     The racial harassment Plaintiff experienced was severe or pervasive.

50.     The racial harassment Plaintiff experienced altered the conditions of their employment and created a hostile work environment.

51.     Defendant City, by and through its agents and employees, knew or should have known of the harassment and failed to take steps to remedy it.

52.     Defendant City's failure to take prompt, effective remedial action, after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

53.     Defendant City, by and though its agents and employees, acted in willful and reckless disregard of Plaintiff protected rights.

54.     The City of Chicago has failed to properly train, supervise and discipline their supervisors and employees, which has made them feel comfortable that they can violate the civil rights of others and not be disciplined.

55.     This lack of training, supervision and discipline fosters a climate in the Department that if an individual's rights are violated, they do not have to report it and look the other way and maintain a code of silence.

56.     This comfort along with the persistent and defiant code of silence, motivates and bolsters notorious, hostile and abusive work environment based on race and sex which was created and proliferated in the Department.

57.     As a direct and proximate cause of Defendant City's violation of Title VII, by and through its agents and employees, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

## COUNT II
## Title VII of The Civil Rights Act of 1964 – Sexual Harassment
### (Against City of Chicago)

58.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

59.     The City of Chicago has failed to properly train, supervise and discipline their supervisors and employees, which has given them comfort in the sense that they can violate the civil rights of others and not be disciplined.

60.     This lack of training, supervision and discipline fosters a climate in the Department that if an individual's rights are violated, they do not have to report it and look the other way and maintain a code of silence.

61.     This comfort along with the persistent and defiant code of silence, motivates and bolsters an abusive work environment which fosters sexual harassment.

62.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964.

63.     Plaintiff is a member of a protected class under Title VII.

64.     The sexual harassment Plaintiff experienced was severe or pervasive.

65.     The sexual harassment Plaintiff experienced altered the conditions of their employment and created a hostile work environment.

66.     Defendant City, by and through its agents and employees, knew or should have known of the harassment and failed to take steps to remedy it.

67.     Defendant City's failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

68.     Defendant City, by and through its agents and employees, acted in willful and reckless disregard of Plaintiff protected rights.

69.     As a direct and proximate cause of Defendant City's violation of Title VII, by and through its agents and employees, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

**COUNT III**
**Title VII of The Civil Rights Act of 1964 – Retaliation**
**(Against City of Chicago)**

70.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

71.     Plaintiff is a member of a protected class under Title VII.

72.     Plaintiff performed his job duties in a satisfactory manner and at all times met the legitimate expectations of his employment.

73.     Plaintiff complained to Defendant City, by and though its agents and employees including Defendant Supervisor Caballero, about conduct that constituted unlawful racial and sexual harassment that created sufficiently severe or pervasive work conditions in violation of Title VII of the Civil Rights Act.

74.     Plaintiffs conduct complaining against the harassment is protected against unlawful retaliation by Defendant City under Title VII of the Civil Rights Act of 1964.

75.     In response to Plaintiff's complaints, Defendant City, by and though its agents and employees, failed to conduct a prompt, thorough investigation of the alleged racial and sexual harassment.

76.     Defendant City, by and through its employees, retaliated against Plaintiff based on his reporting of the harassment, thereby violating Title VII of the Civil Rights Act of 1964.

9

77. The adverse employment actions directed at Plaintiff would not have occurred but for complaining of the incidents that occurred on November 2, 2024.

78. Defendant City's retaliatory conduct by and through its agents and employees toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

79. As a direct and proximate cause of Defendant City's violation of Title VII, by and through its agents and employees, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

### COUNT IV
### 42 U.S.C. § 1981 - Racial Harassment
### (Against All Defendants-Hostile Work Environment)

80. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

81. Section 1981 guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

82. Defendants, under color of law, have committed an unlawful employment practice by engaging and subjecting Plaintiff to a hostile work environment on the basis of race.

83. The conduct of Defendant City, by and through its employees Defendant Paulauski and Defendant Supervisor Caballero, constitutes illegal intentional racial harassment in violation of 42 U.S.C. § 1981.

84. Defendants' conduct was intentional, deliberate, willful and conducted with disregard for Plaintiff' rights.

10

85.    Defendants knew of the harassment and failed to take prompt remedial action for the harassment Plaintiff endured.

86.    The actions of Defendants resulted in considerable harm and adverse employment actions against Plaintiff.

87.    As a direct and proximate cause of Defendants' violation of Section 1981, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

### COUNT V
**42 U.S.C. § 1983 Equal Protection - Racial Harassment**
**(Against Donald Paulauski and Sam Caballero)**

88.    Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

89.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff' employment.

90.    Defendants, as agents and employees of Defendant City, under color of law, subjected Plaintiff to racial discrimination depriving them of equal protection under the Fourteenth Amendment of the United States Constitution and Section 1983.

91.    Defendants' conduct at all times relevant occurred within the scope of their employment with Defendant City.

92.    The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff' rights secured by Section 1983.

93.    As a direct and proximate cause of Defendants' violation of Section 1983, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish

and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

<u>**COUNT VI**</u>
**42 U.S.C. § 1983 Equal Protection - Sexual Harassment**
**(Against Donald Paulauski and Sam Caballero)**

94.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

95.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff' employment.

96.     Defendants, as agents and employees of Defendant City, under color of law, subjected Plaintiff to sexual harassment depriving them of equal protection under the Fourteenth Amendment of the United States Constitution and Section 1983.

97.     Defendants' conduct at all times relevant occurred within the scope of their employment with Defendant City.

98.     The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff' rights secured by Section 1983.

99.     As a direct and proximate cause of Defendants' violation of Section 1983, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

<u>**COUNT VII**</u>
**42 U.S.C. § 1983 Equal Protection – *Monell* Claim**
**(Against City of Chicago)**

100.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

101.    As described in the preceding paragraphs, Defendants' actions and omissions treated Plaintiff differently than other similarly situated individuals without any legitimate governmental purpose and thereby violated their constitutional rights to equal protection.

102.    The misconduct described in the preceding paragraphs was undertaken with willful deliberate indifference to Plaintiffs' rights.

103.    The City of Chicago has failed to properly train, supervise and discipline their supervisors and employees, which has given them comfort in the sense that they can violate the civil rights of others and not be disciplined.

104.    This lack of training, supervision and discipline fosters a climate in the Department that if an individual's rights are violated, they do not have to report it and look the other way and maintain a code of silence.

105.    This comfort along with the persistent and defiant code of silence, motivates and bolsters notorious, hostile and abusive work environment based on race and sex which was created and proliferated in the Department.

106.    The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and/or practice of Defendants in that:

    a.  As a matter of pattern, policy and practice, the City of Chicago fails to adequately discipline, supervise and/or control its supervisory employees and employees, and that its failure to do so manifests deliberate indifference;

    b.  As a matter of pattern, policy and practice, the City of Chicago fails to properly and fully investigate discrimination, and harassment claims by its supervisory employees and employees;

    c.  As a matter of pattern, policy and practice, the City of Chicago facilitates the type of misconduct alleged by failing to act and remedy the misconduct described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the type of harm alleged here.

d.  As a matter of pattern, policy and practice, the City of Chicago permits, encourages and enables a culture of racism and sexual harassment in the Department by failing to provide adequate sensitivity and diversity training to supervisors and employees, including the improper use of City phones.

107.    As a direct and proximate cause of Defendant City of Chicago's violation of Section 1983, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

<u>**COUNT VIII**</u>
**740 ILCS 23/1 et. seq. – Racial Discrimination**
**(Against All Defendants)**

108.    Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

109.    By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to racial discrimination.

110.    Based on these actions, Defendants violated the Illinois Civil Rights Act, 740 ILCS 23/1.

111.    Defendants knew or should have known of the racial harassment and failed to take steps to remedy it.

112.    Defendants' failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

113.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

## COUNT IX
### 740 ILCS 23/1 et. seq. – Sexual Harassement
### (Against All Defendants)

114.    Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

115.    By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to sexual harassment.

116.    Based on these actions, Defendants violated the Illinois Civil Rights Act, 740 ILCS 23/1.

117.    Defendants knew or should have known of the sexual harassment and failed to take steps to remedy it.

118.    Defendants' failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

119.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

## COUNT X
### 740 ILCS 23/1 et. seq. – Retaliation
### (Against City of Chicago)

120.    Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

121.    As described in the preceding paragraphs, Plaintiff engaged in a protected activity under the IDHR that included complaining about the incidents that occurred on November 2, 2024

122.    Defendant City, by and through its agents and employees, subjected Plaintiff to adverse employment actions by failing to provide Plaintiff with a safe working environment.

123.   Plaintiff was subjected to adverse employment actions because of his participation in complaining about the incidents that occurred on November 2, 2024, that drew attention to violations within Defendant City's control.

124.   Defendant City's adverse employment actions, by and through its agents and employees, and directed against Plaintiff would not have occurred but for Plaintiff' complaints of the incidents that occurred on November 2, 2024.

125.   As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

### COUNT XI
### 775 ILCS 5/1-101 et. seq. – Racial Discrimination
### (Against All Defendants)

126.   Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

127.   By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to racial discrimination.

128.   Based on these actions, Defendants violated the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-102.

129.   Defendants knew or should have known of the racial harassment and failed to take steps to remedy it.

130.   The City of Chicago has failed to properly train, supervise and discipline their supervisors and employees, which has given them a sense of comfort that they can violate the civil rights of others and not be disciplined.

131. This lack of training, supervision and discipline fosters a climate in the Department that if an individual's rights are violated, they do not have to report it and look the other way and maintain a code of silence.

132. This comfort along with the persistent and defiant code of silence, motivates and bolsters notorious, hostile and abusive work environment based on race and sex which was created and proliferated in the Department.

133. Defendants' failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

134. As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, humiliation, fear, insult, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

## COUNT XII
### 775 ILCS 5/1-101 et. seq. – Sexual Harassmet
### (Against All Defendants)

135. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

136. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices that subjected Plaintiff to sexual harassment.

137. Based on these actions, Defendants violated the IHRA, 775 ILCS 5/1-102.

138. Defendants knew or should have known of the sexual harassment and failed to take steps to remedy it.

139. Defendants' failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

17

140.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

### COUNT XIII
**775 ILCS 5/1-101 et. seq. – Retaliation**
**(Against City of Chicago)**

141.    Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

142.    As described in the preceding paragraphs, Plaintiff engaged in a protected activity under the IDHR that included complaining about the incidents that occurred on November 2, 2024.

143.    Defendant City, by and through its agents and employees, subjected Plaintiff to adverse employment actions by failing to provide Plaintiff with a safe working environment.

144.    Plaintiff was subjected to adverse employment actions because of his participation in complaining about the incidents that occurred on November 2, 2024, that drew attention to violations within Defendant City's control.

145.    Defendant City's adverse employment actions, by and through its agents and employees, and directed against Plaintiff would not have occurred but for Plaintiff's complaints of the incidents that occurred on November 2, 2024.

146.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered severe and substantial damages including emotional pain and suffering, mental anguish and distress, fear, insult, humiliation, lost career opportunities, litigation expenses including attorneys' fees, and other compensatory damages.

147.

### COUNT XIV
***Respondeat Superior***

**(Against City of Chicago)**

148.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-146 above.

149.    In committing the acts in the preceding paragraphs, Defendant Supervisor Caballero and Defendant Paul Paulauski were agents and employees of Defendant City acting at all relevant times within the scope of their employment.

150.    Defendant City is liable as principal for all tortious acts committed and alleged herein by its agents, including Defendant Supervisor Caballero and Defendant Paul Paulauski.

**COUNT XV**
**745 ILCS 10/9-102 Indemnification**
**(Against City of Chicago)**

151.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-149 above.

152.    Defendant City is the employer of Defendant employees.

153.    In the event that Defendant employees are found liable for their actions performed in the course of their employment, Defendant City shall indemnify such employees for verdicts pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102.

154.    Pursuant to the Illinois Tort Immunity Act, Defendant City is liable for any judgments for compensatory damages arising from Defendant employees' actions.

**PRAYER FOR RELIEF**

Plaintiff KENNETH WILLIAMS respectfully requests that this Court find in Plaintiff's favor and against Defendants as follows:

   a.    A declaration that Defendants' actions, policies and practices as alleged herein are unlawful;

   b.    Compensatory damages for Plaintiff' emotional pain and suffering;

19

c.      Punitive damages;

d.      Reasonable attorneys' fees and costs;

e.      Award pre-judgment interest if applicable; and

f.      Any and all other such relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff KENNETH WILLIAMS requests that all issues be submitted and determined by a jury.


DATE: December 22, 2025                    Respectfully submitted,

                                           **DEVORE RADUNSKY LLC**

                                           /s/ Troy S. Radunsky_____
                                           *One of the attorneys for Plaintiff*
                                           *KENNETH WILLIAMS*

Troy S. Radunsky (ARDC # 6269281)
Jason E. DeVore (ARDC # 6242782)
**DEVORE RADUNSKY LLC**
230 W. Monroe, Suite 230
Chicago, IL 60606
(312) 300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com

20